UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ANN THOMAS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>EUGENE SCALIA, *Secretary, United States Department of Labor*,<br><br>　　　　Defendant. | CIVIL ACTION NO.<br>1:18-cv-01719-JPB |

## **ORDER**

This matter is before the Court on Plaintiff Ann Thomas' ("Plaintiff") Notice and Motion for Relief of Judgment ("Motion") (ECF No. 56). Having reviewed and fully considered the Motion, the Court finds as follows:

Thomas filed a complaint against Eugene Scalia, Secretary, United States Department of Labor ("Defendant"), alleging employment discrimination on the basis of her gender in violation of Title VII of the Civil Rights Act of 1964. In a nutshell, Plaintiff's claims center on allegations that she was improperly denied a promotion.

On March 4, 2020, the Court entered an Order granting summary judgment to Defendant and dismissing the case. Judgment in favor of Defendant was entered the same day.

In the instant Motion, Plaintiff seeks relief from the judgment under Federal Rule of Civil Procedure 60(b) on the grounds of newly discovered evidence and fraud. Plaintiff avers in an affidavit attached to the Motion that she discovered on March 2, 2020, that a Department employee played a role as a "Subject Matter Expert" in the hiring process and concludes that "[b]ased on these evident misrepresentations and omissions, [she] was hardly on notice of the agency Subject Matter Expert's significant role in the hiring process." Plaintiff then cites case law for the proposition that an employer's false explanation for an employment action can support a finding of unlawful pretext.

Defendant did not respond to the Motion, which means that it is unopposed. *See* N.D. Ga. Civ. R. 7.1(B) ("Failure to file a response shall indicate that there is no opposition to the motion."). However, "the granting of a motion [under Local Rule 7.1(B)] is not automatic and rather lies within the discretion of the district judge." *Magluta v. Samples*, 162 F.3d 662, 665 (11th Cir. 1998). *See also Dockens v. Dekalb Cnty. Sch. Sys.*, No. 1:07-cv-1345-CAP/AJB, 2010 WL 11505568, at *3 (N.D. Ga. July 19, 2010) (exercising "discretion [to] consider the merits of [the] [d]efendant's motion" even though the plaintiff did not respond to the motion). As such, courts will exercise their "discretion to waive a local rule requirement" when "the interests of justice and efficient disposition" of the matter

requires it.  *Puhy v. Delta Air Lines, Inc.*, 833 F. Supp. 1577, 1578 n.1 (N.D. Ga. 1993).  Some courts also consider the merits of an unopposed motion in light of the policy of determining matters on the merits.  *See Green v. HSBC Mortg. Servs.*, No. 1:13-CV-02891-RWS, 2014 WL 221210, at *2 (N.D. Ga. Jan. 21, 2014).  In the interest of the efficient disposal of this closed case and the policy of deciding matters on the merits, the Court will exercise its discretion to consider the substance of Plaintiff's Motion.

Because "[f]inality is a virtue in the law," a motion for relief from a judgment under Rule 60(b)(2) "is an extraordinary motion and the requirements of the rule must be strictly met."  *Waddell v. Hendry Cnty. Sheriff's Office*, 329 F.3d 1300, 1309 (11th Cir. 2003).

> For the court to grant relief based upon newly discovered evidence under Rule 60(b)(2), a movant must meet a five-part test:  (1) the evidence must be newly discovered since the trial; (2) due diligence on the part of the movant to discover the new evidence must be shown; (3) the evidence must not be merely cumulative or impeaching; (4) the evidence must be material; and (5) the evidence must be such that a new trial would probably produce a new result.

*Id*.  "To obtain relief . . . based upon fraud under Rule 60(b)(3), the moving party must prove by clear and convincing evidence that the adverse party obtained the verdict through fraud, misrepresentations, or other misconduct."  *Id*.  "The moving

party must also demonstrate that the conduct prevented them from fully presenting [their] case." *Id*.

Here, Plaintiff does not carry her burden to show that relief from the judgment is warranted. With respect to the claim of newly discovered evidence, Plaintiff fails to make the threshold showing that the evidence is indeed new or that it could not have been discovered during the course of the litigation. She likewise fails to show that the evidence is material or that it would produce a new result. Even if, assuming for the sake of argument, the purportedly new evidence could be construed as being offered for impeachment purposes, impeachment evidence is not a sufficient basis for relief under Rule 60(b)(2). *See id*.

With respect to her claim of fraud, Plaintiff's unsupported assertion of "evident misrepresentations and omissions" does not provide the requisite "clear and convincing evidence" that Defendant obtained summary judgment through fraud or that Defendant's conduct prevented her from fully presenting her case. Without these showings, there is no basis upon which to grant relief to Plaintiff.[1]

Accordingly, Plaintiff's Motion (ECF No. 56) is **DENIED**.

---

[1] It is Plaintiff's responsibility (and not the Court's) to make arguments in support of her motion. *See Clark v. City of Atlanta*, 544 F. App'x 848, 855 (11th Cir. 2013). *See also Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1319 (11th Cir. 2012). ("A passing reference to an issue in a brief is not enough, and the failure to make arguments and cite authorities in support of an issue waives it.").

**SO ORDERED** this 11th day of January, 2021.

_____
J. P. BOULEE
United States District Judge